# MARIA E. ORTIZ DE RODRIGUEZ ET AL., Plaintiffs,

*v.*

# JOSE ANTONIO VIVONI ET AL., Defendants.

IN EQUITY—PLEA TO JURISDICTION OVERRULED—JURISDICTION—CITIZEN-SHIP.

1. One may denationalize or expatriate himself without acquiring citizenship in another sovereign state. One may become a citizen of a state only by compliance with its laws. Mere declaration of intention to become a citizen, or residence for years in a state, or incumbency of public office in that state, will not operate to make a citizen of an alien. No incomplete step towards naturalization is sufficient.
2. The status of a woman as to citizenship is governed by that of her husband, and follows it. His nationality determines hers.

June 13, 1902.

*Mr. C. M. Boerman,* solicitor for complainants.

*Messrs. Manuel F. Rossy* and *N. B. K. Pettingill,* solicitors for defendants.

HOLT, Judge, delivered the following opinion:

This is a bill for the partition of real estate, or, if not to be had without sacrifice, for its sale, and division of proceeds and accounting of rent.

The act of Congress of March 2d, 1901, § 3, gives jurisdiction to this court of suits where the parties, or either of them, are citizens of the United States or citizens or subjects of a

Ortiz de Rodriguez v. Vivoni.

foreign state. It is averred in the bill that the defendant Pedro Santos Vivoni is a citizen of France, but resident in Porto Rico. There is a like averment as to the defendant José Antonio Vivoni, who is the son of Pedro Santos Vivoni, but was born in Porto Rico. It is also averred that the defendant Ángela Ramirez is a citizen and resident of Spain.

There is a plea to the jurisdiction which puts in issue that these parties are foreign citizens or subjects, and evidence has been taken upon this question, and the case is now submitted upon the sufficiency of the plea. It is claimed by the defendants that these parties are citizens of Porto Rico. If it be true that when this suit was brought they, or either of them, were not citizens of the United States or citizens or subjects of a foreign state, then this court has no jurisdiction, and the plea must be sustained.

It is shown that Pedro Santos Vivoni was born in France of French parents; that he came to Porto Rico when he was sixteen years of age, and has lived here since, saving temporary absences.

He was never naturalized as or became a Spanish subject,—never took the steps required by the Spanish law to this end, but held office in Porto Rico under the Spanish government, and is now a delegate in the legislature of Porto Rico. In December, 1899, he made oath before a municipal judge of his intention to become a citizen of the United States, and renounced all allegiance to the French Republic, and about the same time his son, José Antonio Vivoni, took a like oath. The defendant Ángela Ramirez was born in Porto Rico, but while it was a province of Spain, and married a Spanish subject and moved to Spain, where she has continued to live ever since with her family, consisting of one son, the husband having died and she being a widow. For sixteen years, or more, she has not been

Ortiz de Rodriguez v. Vivoni.

in Porto Rico; but it is claimed her absence has been temporary for the purpose of educating her son. He is, however, shown to be thirty years old or more.

The question as to Pedro Santos Vivoni is not free from difficulty. By the French Civil Code, article 17, the status of Frenchmen is lost either by naturalization in a foreign country or by the acceptance, without the authority of the French government, of public office conferred by a foreign government. It is therefore urged that he cannot be regarded as a French subject. The fact, however, that he may have denationalized himself, neither made him a Spanish subject without compliance with the laws of Spain, nor a citizen of the United States, or any other country, without such compliance. In other words, while the present American rule is that one may expatriate himself, yet that does not make him a citizen here. The law of France cannot fix the status of a person in another sovereign country. Its own law must do so. If, for instance, one loses his citizenship on account of a crime, and he thereupon becomes a resident of another sovereignty, he does not become a citizen of such new sovereignty. The act of March 2d, 1901, creating civil government in Porto Rico, provides, in § 7, that all Spanish subjects residing in Porto Rico on April 11th, 1899, and their children born thereafter shall be citizens of Porto Rico; but this clearly does not embrace this defendant, because he had never taken any of the steps required by law to become a Spanish subject. What, then, is his status as to citizenship? Was it suspended for the time being, or was he, as an eminent court has said, for the time a "citizen of the world?" One may live for years in a state, may have made a declaration of intention to become a citizen, may be authorized by the local law to vote or hold office, and yet not be a citizen of the United States, and may remove a cause from a state or insular court to

Ortiz de Rodriguez v. Vivoni.

a United States court upon the ground that he is an alien. The act of Congress creating civil government in Porto Rico does not require citizenship as a requisite for holding office. To become a citizen he must take the steps required by law for naturalization. No length of residence can take its place. Nor is any incomplete step toward naturalization, such as a preliminary oath, sufficient. This court does not like to say that one is, as it were, a mere wanderer as to citizenship, and it has, therefore, given careful consideration to this question; but this defendant having been born a French citizen, there seems to be no escape from the conclusion that he must be regarded as a foreigner unless something has been done by him since he came to Porto Rico to change this relation, because the local law must govern. Although he may expatriate himself, yet, in the eye of the local law, he must still be regarded as a foreigner unless he has been made a citizen according to it. The defendant seems to have had this view by taking an oath preliminary to naturalization. The defendant José Antonio Vivoni occupies the same status as his father. By the Spanish law prevailing here previous to American government, a child of a foreigner had to take certain steps to become a Spanish citizen. This he never did.

The defendant Ángela Ramirez was by birth a Spanish subject, because Porto Rico was then a province of Spain. She married a Spanish subject, and, had she not herself already been such, upon her marriage, *ipso facto,* her citizenship would have become that of her husband, because the citizenship of the husband determines that of the wife. She, in law, follows his nationality, and, when once married, retains it until by law it is changed. She did not reside in Porto Rico when the act of Congress creating civil government was enacted; and such a length of time has elapsed since her residence here, it is to be

Ortiz de Rodriguez v. Vivoni.

presumed there has been no real intention to change her citizenship.

The plea to the jurisdiction is, therefore, overruled, and the defendants have sixty days within which to answer.